**IT IS ORDERED as set forth below:**



Date: March 17, 2022

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 15-58440-WLH |
| | ) | |
| BAY CIRCLE PROPERTIES, LLC, *et al.,* | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | JUDGE WENDY L. HAGENAU |
| | ) | |
| | ) | |
| GOOD GATEWAY, LLC and, | ) | |
| SEG GATEWAY, LLC, on behalf of | ) | |
| JOHN LEWIS, CHAPTER 11 | ) | |
| TRUSTEE FOR BAY CIRCLE | ) | |
| PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. PROC. NO. 19-5284 |
| | ) | |
| NRCT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING MOTION TO INTERVENE**

1

**THIS MATTER** is before the Court on the Motion to Intervene (Doc. No. 125) (the "Motion") filed by Chittranjan Thakkar ("Mr. Thakkar").

Gateway filed a complaint on behalf of the Bay Circle Chapter 11 Trustee against NRCT, LLC ("NRCT") with respect to Bay Circle's Contribution Claim on August 13, 2019, initiating this adversary proceeding.[1] Mr. Thakkar seeks to intervene in this adversary proceeding as an interested party. Mr. Thakkar is not a named party in this adversary proceeding and, at the time the complaint was filed, Mr. Thakkar was no longer the manager of either Bay Circle or NRCT as that responsibility had passed to the Chapter 11 Trustee.

On April 8, 2020, the Chapter 11 Trustee filed a motion to convert the Bay Circle case to one under Chapter 7 (Case No. 15-58440 Doc. No. 1371). The motion was granted, and the case converted to Chapter 7 on May 5, 2020 (Case No. 15-58440 Doc. No. 1420). John Lewis, Jr. was thereafter appointed as Chapter 7 Trustee (Case No. 15-58440 Doc. No. 1425), and he assumed the rights, duties, and powers pursuant to sections 701 and 702 of the Bankruptcy Code to act on behalf of Bay Circle. Mr. Lewis was substituted as Plaintiff in the adversary proceeding and remains the Chapter 7 Trustee.

In the NRCT case, the Chapter 11 Trustee continued as manager until a plan was confirmed on July 16, 2020 and the Plan Agent stepped into the role. Section 7.4 of the Confirmed Plan provides, "Except as otherwise specifically provided in this Plan, the Plan Agent shall have the full and exclusive power and authority to act on behalf of the Debtor and shall be responsible for performing the duties of the Debtor under this Plan. The Plan Agent shall have the rights, duties and powers of a trustee appointed pursuant to sections 701, 702 and 1104 of the Bankruptcy Code to act on behalf of the Debtor with regard to the administration of the Bankruptcy Case and the

---

[1] Gateway was awarded an Adequate Protection Lien on proceeds of the contribution claim, so the Court allowed Gateway to prosecute the claim and incur the cost of the litigation. (Case No. 15-58440 Doc. No. 1137.)

2

Assets of the Estate. . . . The Plan Agent shall be the representative of the Estate under section 1123(b)(3)(B) of the Bankruptcy Code." (Case No. 15-58444 Doc. No. 131.) Ron Glass was appointed as Plan Agent in the Plan. On April 30, 2021, Anna M. Humnicky was appointed as Replacement Agent. (Case No. 15-58444 Doc. No. 239, as amended at Doc. No. 242.) A final decree has not been entered, and Ms. Humnicky continues to have the authority to act on behalf of NRCT.

The Court entered a Scheduling Order on May 31, 2019 which required Gateway and the Trustee to notify Mr. Thakkar and all other non-Debtor guarantors whether Gateway intended to seek a judgment against them, or only against NRCT. On July 16, 2019, Gateway filed its Statement Concerning Parties Against Whom A Judgment For Contribution and/or Subrogation Will Be Sought (Case No. 15-58440 Doc. No. 1149), stating it was only seeking a judgment against NRCT. The Chapter 11 Trustee filed a similar statement. (Case No. 15-58440 Doc. No. 1150.) Pursuant to the Scheduling Order, the non-Debtor guarantors were required to state whether they insisted on being named as parties in the adversary proceeding. On July 30, 2019, Mr. Thakkar and his wife, Saloni Thakkar, filed a Response to Scheduling Order (Case No. 15-58440 Doc. No. 1165) stating they did not consent to the jurisdiction of the Court and did not insist on being named as parties. Also on July 30, 2019, the other non-Debtor guarantors filed a Statement Concerning Parties Against Whom a Judgment for Contribution and/or Subrogation May Be Sought (Case No. 15-58440 Doc. No. 1166) stating that Niloy, Inc., Niloy & Rohan LLC, Jax Fairfield, LLC, Niloy Thakkar, and Rohan Thakkar also did not insist on being named as parties.

The Court has acknowledged that the sole members of NRCT, Niloy and Rohan Thakkar (Mr. Thakkar's sons) stood to gain or lose based on the outcome of the adversary proceeding and therefore allowed them, rather than the Chapter 11 Trustee, to direct the NRCT defense. The

counsel representing NRCT has been retained, directed, and (presumably) paid by Niloy and Rohan Thakkar. Nevertheless, none of the members has ever been a party. The pleadings have been filed in the name of NRCT or "the equity holders of NRCT," but only NRCT is a party against whom a judgment can be rendered.

Mr. Thakkar contends he now holds a 5% membership interest in NRCT by virtue of a recent transfer of interest from his son, Rohan Thakkar, and that he is entitled to intervene in this case pursuant to Rule 24 of the Federal Rules of Civil Procedure.

Under certain circumstances, a nonparty may intervene in a legal action pursuant to Rule 24 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7024. The right to intervene is distinguished from the right, under 11 U.S.C. § 1109(b), of a party in interest to appear and be heard on any issue in a case. Section 1109(b) "does not afford a right to intervene under Rule 24(a)(1), even though such 'parties in interest' enjoy the general right to 'monitor' the progress of the chapter 11 case." Chalk Line Mfg. v. Frontenac Venture V Ltd. P'ship (In re Chalk Line Mfg.), 184 B.R. 828, 831 (Bankr. N.D. Ala. 1995) (citations omitted).

Rule 24 sets forth two mechanisms for an individual to intervene in a case: intervention as of right and permissive intervention. An individual is entitled to intervene as of right where he is given an unconditional right to intervene by a federal statute or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). The Court may also allow an individual to intervene if the individual is provided a conditional right to intervene by a federal statute or the individual "has a claim or defense that shares with the main action a common

4

question of law or fact." Fed. R. Civ. P. 24(b)(1). Both intervention of right and permissive intervention require a "timely motion." Fed. R. Civ. P. 24(a), (b). Mr. Thakkar moves to intervene on both grounds, neither of which is appropriate

### Intervention of Right

Under Eleventh Circuit precedent, an applicant seeking intervention as of right "must show (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." Chiles v. Thornburgh, 865 F.2d 1197, 1212-13 (11th Cir. 1989).

Before turning to other relevant factors, the Court must determine whether the motion was timely. Angel Flight of Georgia, Inc. v. Angel Flight Am., Inc., 272 F. App'x 817, 819 (11th Cir. 2008). If it is untimely, intervention must be denied. Nat'l Ass'n for Advancement of Colored People v. New York, 413 U.S. 345, 365 (1973). The Court has discretion to consider the circumstances, including the point to which the suit has progressed, in making the determination of timeliness. Id. at 365-66. Here, the Complaint was filed on August 13, 2019. Mr. Thakkar filed the Motion more than two and a half years later, after extensive litigation has occurred and after the Court has considered and denied dispositive motions. Discovery has closed and trial is set for May 9, 2022. Mr. Thakkar was keenly aware of the proceedings but waited to the last possible moment to file the Motion on the eve of trial. The tardiness of the Motion supports denial.

Intervention of right also requires the proposed intervenor to have an interest relating to the property or transaction that is the subject of the action. Fed. R. Civ. P. 24(a)(2). The Eleventh Circuit has held "a party is entitled to intervention as a matter of right if the party's interest in the

5

subject matter of the litigation is direct, substantial and legally protectable." Georgia v. United States Army Corps of Eng'rs, 302 F.3d 1242, 1249 (11th Cir.2002). A legally protectable interest "is something more than an economic interest." United States v. South Fla. Water Mgmt. Dist., 922 F.2d 704, 710 (11th Cir.1991) (quotation marks and citation omitted). "What is required is that the interest be one which the *substantive* law recognizes as belonging to or being owned by the applicant." Id. (quotation marks and citation omitted). Thus, a legally protectable interest is an interest that derives from a legal right. Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc., 425 F.3d 1308, 1311 (11th Cir. 2005).

A third person's contingent interest in the outcome of pending litigation is not sufficient to justify intervention. McDaniel v. American Druggists' Ins. Co. (In re Natl. Buy-Rite, Inc.), 11 B.R. 191, 194 (Bankr. N.D. Ga. 1981). Further, an "alleged economic interest in [a party] as a minority owner of the company is not the type of specific interest . . . that would allow [a purported intervenor] to intervene as of right". Lantern Bus. Credit v. Alianza Trinity Dev. Grp., 2016 WL 6594117, *2 (W.D.N.C. Oct. 11, 2016), report and recommendation adopted, 2016 WL 6582501 (W.D.N.C. Nov. 4, 2016); see also Pharm. Research & Mfrs. Of Am. v. Commissioner, 201 F.R.D. 12, 14 (D. Me. 2001) ("Other courts have stated that a shareholder's ownership interest in a corporation is *not* sufficient to support the shareholder's Rule 24 intervention in the corporation's litigation."); Rigco, Inc. v. Rauscher Pierce Refsnes, Inc., 110 F.R.D. 180, 183-84 (N.D. Tex. 1986) (a shareholder's interest in the corporation's cause of action is not a "direct, substantial, legally protectable interest" of the sort required for Rule 24(a)(2) intervention). "To hold otherwise would allow any minority owner of a corporate entity to intervene as of right in a contractual dispute involving the corporation and a third party based on that economic interest as a minority owner." Lantern Bus. Credit, 2016 WL 6594117, at *2. As other courts have explained,

6

> In a sense, every company's stockholders, bondholders, directors, and employees have a stake in the outcome of any litigation involving the company, but this alone is insufficient to imbue them with the degree of "interest" required for Rule 24(a) intervention.

Gould v. Alleco, Inc., 883 F.2d 281, 285 (4th Cir. 1989); but see 8699 Biscayne, LLC v. Indigo Real Estate LLC (In re 8699 Biscayne, LLC), 2010 WL 1375419 (Bankr. S.D. Fla. Oct. 26, 2009) (member of bankruptcy debtor, limited liability company, was entitled to intervene in action in infant stages of action).

Mr. Thakkar contends that he has a significant protectable interest in the subject matter of this litigation because he is a minority owner of Defendant NRCT. Mr. Thakkar's alleged interest in the subject matter of this adversary proceeding is purely economic and is not the type of specific interest in the subject matter of the litigation that would allow him to intervene as of right in this dispute. Though he may have an indirect interest in the outcome of the litigation, it is not of the direct, substantially and legally protectable nature required by Rule 24(a)(2). Further, according to the Motion, Mr. Thakkar only recently obtained his minority interest in NRCT. It seems that after being repeatedly told he does not have standing (see e.g., AP 19-05284 Doc. No. 118), he contrived to become a minority owner to participate in this litigation. The District Court and the Eleventh Circuit have both found that Mr. Thakkar does not have standing to appeal and, even assuming Mr. Thakkar is a member of both Debtors, such an interest does not give him standing. (See Case 15-58440 Doc. No. 1501; see also In re Nihan Fin., LLC, 831 Fed. Appx. 479, 480 (11th Cir. 2020)).

Finally, intervention of right is not warranted where the movant fails to show its interest would not be adequately protected by existing parties. In re Donovan, 2004 WL 5848453, at *4 (Bankr. N.D. Ga. Sept. 27, 2004). Mr. Thakkar has not demonstrated his interest is represented inadequately by the existing parties to the suit. To the contrary, NRCT is adequately represented

7

by competent counsel in this proceeding (both Edmund S. Whitson and Henry F. Sewell, Jr. represent NRCT). The Court has already allowed the equity interests to direct NRCT's defense and, if Mr. Thakkar is equity, he can participate with his sons in that direction. But that is NOT equivalent to intervention or becoming a party. Mr. Thakkar's interest as an owner of NRCT is thus capably represented in this proceeding. In fact, it was Mr. Thakkar's sons who previously owned all of NRCT and who contracted for counsel. This is not a situation where he was a stranger to the litigation. Moreover, he objected to the Court's jurisdiction over him and expressly declined to be named as a party.

Mr. Thakkar has not shown he is entitled to intervention as of right as his request is not timely, he does not have a significant protectable interest in the subject matter of this litigation, and he has not shown his interests are not adequately represented. Accordingly, the Court will deny his request for intervention as of right.

Permissive Intervention

Permissive intervention is within the Court's discretion upon a showing that "the applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). "A party seeking to intervene under Rule 24(b)(2) must show that: (1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common. Even if both of the requirements are met, the court still has the discretion to deny intervention." Chiles, 865 F.2d at 1213; see also Rauback v. City of Savannah, 2019 WL 1560964, *4 (S.D. Ga. Jan. 4, 2019), report and recommendation adopted, 2019 WL 460391 (S.D. Ga. Feb. 5, 2019) (in the absence of a right to intervene under Rule 24(a), it is wholly within the discretion of the court to allow intervention).

8

The intervening party must demonstrate more than a general interest in the subject matter of the litigation before permissive intervention is allowed. Abney v. I.T.T. Diversified Credit Corp. (In re Environmental Electronics Sys., Inc.), 11 B.R. 962, 964 (Bankr. N.D. Ga. 1981). Further, permissive intervention is not appropriate where it would "delay and prejudice the rights of the original parties" and "make [a] case even more unmanageable than it already appears to be[.]" United States v. S. Fla. Water Mgmt. Dist., 922 F.2d 704, 711 (11th Cir. 1991).

As noted above, the Motion is not timely. Mr. Thakkar has not asserted a claim or defense which has questions of law or fact in common with the main action. He has only asserted an interest in the outcome of this case. His interest in the case is adequately protected by counsel selected by NRCT equity. Further, Mr. Thakkar's individual intervention in this case would only delay this proceeding and make it more unmanageable. The Court concludes that permissive intervention is not appropriate in this case and should not be allowed.

Accordingly,

**IT IS ORDERED** that the Motion is **DENIED**.

**IT IS FURTHER ORDERED** that any hearings scheduled on the Motion are hereby canceled.

**END OF DOCUMENT**

**Distribution List**

John A. Thomson, Jr.
Adams and Reese LLP
3424 Peachtree Road NE, Suite 1600
Atlanta, GA 30326

Edmund S. Whitson, III
Adams and Reese LLP
101 E. Kennedy Blvd., Suite 4000
Tampa, FL 33602

Henry F. Sewell, Jr.
Law Offices of Henry F. Sewell Jr., LLC
Buckhead Centre
2964 Peachtree Road NW Suite 555
Atlanta, GA 30305

Clay Martin Townsend
Morgan & Morgan, PA
20 North Orange Avenue Suite 1500
Orlando, FL 32801

Walter E. Jones
Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W., Suite 700
Atlanta, Georgia 30308

John Lewis, Jr.
Shook, Hardy & Bacon, LLP
1230 Peachtree Street, Suite 1200
Atlanta, GA 30309

Chittranjan Thakkar
3985 Steve Reynolds Boulevard
Building L-101
Norcross, GA 30093

M. Denise Dotson
M. Denise Dotson, LLC
Post Office Box 767
Avondale Estates, Georgia 30002