**IT IS ORDERED as set forth below:**



**Date: July 11, 2022**

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 15-58440-WLH |
| ) | |
| BAY CIRCLE PROPERTIES, LLC, *et al.*, ) | CHAPTER 7 |
| ) | |
| Debtor. ) | JUDGE WENDY L. HAGENAU |
| ) | |
| ) | |
| GOOD GATEWAY, LLC and ) | |
| SEG GATEWAY, LLC, on behalf of ) | |
| JOHN LEWIS, CHAPTER 11 ) | |
| TRUSTEE FOR BAY CIRCLE ) | |
| PROPERTIES, LLC, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV. PROC. NO. 19-5284 |
| ) | |
| NRCT, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### ORDER ON NRCT, LLC'S AND GOOD GATEWAY, LLC'S REQUESTS FOR JUDICIAL NOTICE

**THIS MATTER** is before the Court on NRCT, LLC's ("Defendant") and Good

Gateway, LLC on behalf of Bay Circle's ("Plaintiff") requests for judicial notice [Docs. Nos.

1

216, 227, & 228], which were filed after the close of evidence in the trial held in this adversary proceeding. The requests ask the Court to take judicial notice of statements found in court orders, pleadings, affidavits, and motions filed in other courts, and other documents. The statements allegedly bear on whether Chittranjan ("Chuck") Thakkar is insolvent. Both parties requested the Court take judicial notice of the statements for their truth. Neither party objected to the other's request. Because Chuck Thakkar's solvency is disputed, and it is not proper to take judicial notice of statements in judicial orders, pleadings, court filings, and other documents for their truth, the Court will, for the most part, deny both parties' requests.

I.    Appropriateness of judicial notice

Judicial notice enables a party to establish an indisputable, well-known fact without having to prove it through competent evidence. Kaplan v. Regions Bank, 2019 WL 4668175, at *11 (M.D. Fla. Sept. 25, 2019) ("Judicial notice is a means by which adjudicative facts not seriously open to dispute are established as true without the normal requirement of proof by evidence." (quoting Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC, 369 F.3d 1197, 1204 (11th Cir. 2004))); In re Bennett, 2013 WL 1878931, at *2 (Bankr. S.D. Ga. Apr. 9, 2013) ("Judicial notice is a 'court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact.'" (quoting Black's Law Dictionary 923 (9th ed. 2009))). To prove a fact through competent evidence, a party must comply with various evidentiary safeguards. Because judicial notice allows a party to bypass these safeguards, the Eleventh Circuit cautions that taking judicial notice is a highly limited process. See Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997); Kaplan, 2019 WL 4668175, at *11; Ballard v. Bank of Am. Corp., 2014 WL 11970543, at *7 (N.D. Ga. Sept. 11, 2014).

Judicially noticed facts are deemed conclusive for evidentiary purposes. Fed. R. Evid. 201(f) ("In a civil case, the court must instruct the jury to accept the noticed fact as conclusive."); Rowe v. Gibson, 798 F.3d 622, 629 (7th Cir. 2015) (judicially noticed facts are "conclusive"); Matter of Search of Clubhouse Compound of Outlaws Motorcycle Club, located at 9371 Holland St., Jacksonville, Duval Cnty., Fla., 2017 WL 8809567, at *20 (M.D. Fla. Oct. 6, 2017) ("[T]aking judicial notice …preclude[s] a party from introducing contrary evidence and in effect, directing a verdict against [the contrary party] as to the fact noticed." (quoting United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994))). Because taking judicial notice renders a fact conclusive, a court may only take judicial notice of a fact that is not subject to reasonable dispute. Fed. R. Evid. 201(b); Shahar, 120 F.3d at 214.

Federal Rule of Evidence 201, made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 9017, permits a federal court to take judicial notice of an "adjudicative" fact that is indisputable either because it is "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. An adjudicative fact is one that is relevant to determining claims presented in a case. Kaplan, 2019 WL 4668175, at *11. Examples of adjudicative facts include: "(1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." Shahar, 120 F.3d at 214.

A court may take judicial notice of filings in other courts only to establish the fact of the filing—not for the truth of its contents. Kaplan, 2019 WL 4668175, at *12. Thus, "a court may take judicial notice of the undisputed matters of public record, *i.e.*, the fact that hearings and prior proceedings took place, and what was said in those proceedings, but it may not

take judicial notice of disputed facts stated in public records for their truth." Callier v. Outokumpu Stainless USA, LLC, 2022 WL 885037, at *3 (S.D. Ala. Mar. 24, 2022); see also F.D.I.C. v. O'Flahaven, 857 F. Supp. 154, 157 (D.N.H. 1994) ("The Court could not judicially notice the veracity of the allegations in the affidavits; it could only take notice that the affidavits were in fact filed and that the factual averments were in fact made."). The same applies to another court's orders. A court may take judicial notice of another court's order only for the limited purpose of recognizing the judicial act the order represents and not for the truth of the court's factual findings. See Grayson v. Warden, 869 F.3d 1204, 1224-25 (11th Cir. 2017); Argos USA LLC v. Young, 2019 WL 4125968, at *3 (N.D. Ga. June 28, 2019); Kaplan, 2019 WL 4668175, at *12; Staten Island Savs. Bank v. Scarpinito (In re Scarpinito), 196 B.R. 257, 267 (Bankr. E.D.N.Y. 1996); In re Towne Servs. Sec. Litig., 184 F. Supp. 2d 1308, 1312 (N.D. Ga. 2001). If a court could take judicial notice of another court's findings for their truth, it would render issue preclusion a nullity. Grayson, 869 F.3d at 1224-25 ("If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of issue preclusion would be superfluous.").

The same principles apply to taking judicial notice of other public documents like newspapers and books: a court may take judicial notice of a book or document's existence, but it cannot take judicial notice of the facts included therein. See e.g. Absolute Activist Value Master Fund v. Devine, 233 F. Supp. 3d 1297, 1316-1317 (M.D. Fla. 2017) (declining to take judicial notice of facts in a book because they were subject to reasonable dispute); White v. City of Birmingham, Ala., 96 F. Supp. 3d 1260, 1269 (N.D. Ala. 2015), as amended (May 27, 2015) (declining to take judicial notice of assertions printed in a newspaper because they were subject to reasonable dispute).

4

A court has "wide discretion" to take judicial notice, including deciding at what stage of the proceeding taking judicial notice would be appropriate. Dippin' Dots, Inc., 369 F.3d at 1204; Daker v. Holmes, 2022 WL 2129076, at *9 (11th Cir. June 14, 2022). Although a court may take judicial notice "at any stage of the proceeding[,]" Fed. R. Evid. 201(d), a court may decline to take judicial notice after the close of evidence where it would prejudice the opposing party. See Grp. One, Ltd. v. Hallmark Cards, Inc., 407 F.3d 1297, 1306 (Fed. Cir. 2005) (holding that taking judicial notice after the close of evidence was appropriate because the opposing party did not allege that they were prejudiced); see also Jones v. Prudential Sec., Inc., 534 F. Supp. 3d 839, 842 (E.D. Mich. 2021) ("Although Rule 201 provides that a court may take judicial notice at 'any stage of a proceeding,' see Fed. R. Evid. 201(d), this does not mean that a court must take judicial notice of a fact at the eleventh hour, after the close of proofs.").

II.     The parties' requests for judicial notice

Plaintiff and Defendant are attempting to litigate whether Chuck Thakkar is solvent using judicial notice instead of original or supporting documents. The parties request the Court take judicial notice of statements found in court filings, judicial orders, and other documents after a trial was held in which Chuck Thakkar's solvency as of the date of trial was an issue. The parties are requesting the Court take judicial notice of the statements for their truth. Because these statements are not the types of "facts" a court may judicially notice, the Court will deny, for the most part, the parties' requests and will address each request below. Although the parties may argue that they are not submitting these statements for the truth, the only value the statements have to either side is that they are true and bear on Chuck Thakkar's solvency. Furthermore, although a court may take judicial notice at any time, the parties' submitting their requests after the close of evidence weighs against taking judicial notice. At this late date, no witness has the

5

opportunity to explain the documents or be questioned about them. The parties simply ask the Court to accept evidence that was not submitted to the Court during the trial. The deadline to submit documents was clearly set out in the pretrial order[1], and the Court notes that most of the documents of which notice is requested predate the deadline and the trial—the documents were available and the parties could have submitted them in a timely fashion, but did not. The parties should have presented the evidence during the trial, utilizing the traditional estoppel doctrines where relevant. Instead, they are attempting to litigate the issue of solvency by bypassing the rules of evidence after the evidence has closed.

The Court will address each of the parties' requests for judicial notice.

    a. Defendant's requests for judicial notice [Doc. no. 216]

        1. Exhibit 1:

Defendant requests the Court take judicial notice of three statements contained in a Verified Complaint in a case styled Good Gateway, LLC, et al. v. Rohan Thakkar, Index No. 160660/16, pending in the Supreme Court of the State of New York, County of New York. Paragraph 33 of the Verified Complaint states,

> [Chuck] was insolvent on the date of the Debt Forgiveness, or became insolvent on account of the Debt Forgiveness, and remained insolvent continuously thereafter.

Paragraph 41g of the Verified Complaint states,

> [Chuck] knew or had reasonable cause to believe that the Debt Forgiveness would make him immediately insolvent, if he was not insolvent already.

Paragraph 48 of the Verified Complaint states,

> [t]he Debt Forgiveness by [Chuck] to his son Rohan was made at a time when [Chuck] was insolvent, or rendered [Chuck] insolvent, as defined by the DCL.

---

[1] [See Doc. No. 151, pg. 6]

6

Defendant requests the Court take judicial notice of these statements for their truth—that Chuck Thakkar was insolvent at various points. But these are only allegations in a complaint, not even an admission by Mr. Thakkar. Moreover, because a court may not take judicial notice of statements made in a complaint for their truth, the Court DENIES Defendant's request to take judicial notice of the statements in Exhibit 1. See Kaplan, 2019 WL 4668175, at *12; Argos USA LLC, 2019 WL 4125968, at *3.

2. Exhibit 2:

Defendant requests the Court take judicial notice of Clay M. Townsend's Affirmation of the Verified Complaint in the case styled Good Gateway, LLC, et al. v. Rohan Thakkar, Index No. 160660/16, pending in the Supreme Court of the State of New York, County of New York. Because the Court will not take judicial notice of the statements in the Verified Complaint in Exhibit 1, the Court DENIES Defendant's request as to Exhibit 2 for the same reasons.

3. Exhibit 3:

Defendant requests the Court take judicial notice of various statements Clay M. Townsend made in an Affidavit filed in a case styled Good Gateway, LLC, et al. v. Rohan Thakkar, Index No. 160660/16, pending in the Supreme Court of the State of New York, County of New York. Paragraph 12 of the affidavit states,

> Chuck Thakkar asserts he was solvent pointing to personal financial statements listing net worth of $142,000,000….This is a non-issue as the appellate division ruled actual intent to hinder, delay or defraud is present so solvency is irrelevant. Notably, a review of the financial statements demonstrates a column listing 'Ownership Entity' and almost all of the real estate which was counted as an asset belonging to Chuck[] actually belongs to non-party entities owned primarily by Rohan and his brother Niloy Thakkar…Even more galling is the fact the New York City apartment, which was purchased for $2,332,775 is in the names of Chuck and Rohan on September 19, 2011 (who since added Rohan's mother and Chuck's wife Saloni C. Thakkar to the deed) making it the subject of the other pending New York case is not listed[.]

Because Defendant is requesting the Court take judicial notice of the statements made in the Affidavit for their truth, the Court DENIES Defendant's request as to Exhibit 3. See O'Flahaven, 857 F. Supp. at 157.

7

4. Exhibit 4:

   Defendant requests the Court take judicial notice of a statement in a Verified Complaint in a case styled Good Gateway, LLC, et al. v. Rohan Thakkar, et. al., Index No. 152856/17, pending in the Supreme Court of the State of New York, County of New York. Paragraph 35 of the Verified Complaint states,

   > [t]he Property Transfer was made at a time when [Chuck] was insolvent, or rendered [Chuck] insolvent, as defined by the DCL[.]

   Defendant requests the Court take judicial notice of this statement for its truth—that Chuck Thakkar was insolvent at one point. Because a court may not take judicial notice of statements made in a complaint for their truth, the Court DENIES Defendant's request as to the statements in Exhibit 4. See Kaplan, 2019 WL 4668175, at *12; Argos USA LLC, 2019 WL 4125968, at *3.

5. Exhibit 5:

   Defendant requests the Court take judicial notice of Clay Townsend's Affirmation of the Verified Complaint in the case styled Good Gateway, LLC, et al. v. Rohan Thakkar, et. al., Index No. 152856/17, pending in the Supreme Court of the State of New York, County of New York. Because the Court will not take judicial notice of the statements in the Verified Complaint in Exhibit 4, the Court DENIES Defendant's request as to Exhibit 5 for the same reasons.

b. Plaintiff's first set of requests for judicial notice [Doc. no. 227]

   1. Exhibit A:

      Plaintiff requests the Court take judicial notice that fraudulent transfer judgments were entered in favor of Good Gateway, LLC against Rohan Thakkar for $3,653,199.16 in the case styled Good Gateway, LLC, et al. v. Rohan Thakkar, Index No. 160660/16, pending in the Supreme Court of the State of New York, County of New York. The Court will take judicial notice of the fact that the court entered the judgements but not for the truth of the court's findings or holdings. See Grayson, 869 F.3d at 1224-25; Argos USA LLC, 2019 WL 4125968, at *3.

8

2. Exhibit B:

   Plaintiff requests the Court take judicial notice of another court's findings in an order appointing a receiver in the case styled Good Gateway, LLC, et al. v. Rohan Thakkar, Index No. 160660/16, pending in the Supreme Court of the State of New York, County of New York. The court found that an apartment owned in part by Chuck Thakkar was foreclosed upon by Good Gateway, LLC. Because Plaintiff is requesting the Court take judicial notice of statements in the order for their truth—that an apartment partly owned by Chuck Thakkar was foreclosed upon—the Court DENIES Plaintiff's request as to Exhibit B. Grayson, 869 F.3d at 1224-25.

3. Exhibit C:

   Plaintiff requests the Court take judicial notice of another court's findings in a court order granting Good Gateway, LLC's motion for summary judgment in the case styled Good Gateway, LLC, et al. v. Rohan Thakkar, et. al., Index No. 152856/17, pending in the Supreme Court of the State of New York, County of New York, specifically that Chuck Thakkar executed a fraudulent deed to Saloni Thakkar to thwart execution on his personal interest in a Manhattan apartment. The court cancelled the deed. While the Court will take judicial notice of the entry of a judgment, it cannot take judicial notice of statements in the order for their truth. The Court therefore DENIES Plaintiff's request as to those statements in Exhibit C. Grayson, 869 F.3d at 1224-25.

   On the issue of whether the New York court cancelled the deed, because plaintiff is requesting the Court take judicial notice of a judicial act, the Court will GRANT Plaintiff's request as to the judicial act in Exhibit C; but not for its truth. Plaintiff should have utilized the preclusion doctrine to establish the cancellation of the deed; not judicial notice. See Grayson, 869 F.3d at 1224-25.

4. Exhibit D:

   Plaintiff requests the Court take judicial notice of a Florida court's order entering final summary judgment against Saloni Thakkar for her and Chuck Thakkar's scheme to deposit checks made to Chuck Thakkar into a joint account to avoid creditor collection in the case styled Good Gateway, LLC v. Orlando Gateway Partners, LLC et al. Case No.:2010-CA-015315-0. The Court will take judicial notice of the fact that the court entered the order, but DENIES Plaintiff's request to take notice of the court's findings relating to the scheme in Exhibit D. See Grayson, 869 F.3d at 1224-25.

9

5. Exhibit E:

   Plaintiff requests the Court take judicial notice of the fact that the Fifth District Court of Appeals of Florida dismissed Chuck Thakkar's appeal. The Court GRANTS Plaintiff's request and takes judicial notice of the fact that the court dismissed the appeal in Exhibit E.

6. Exhibit F:

   Plaintiff requests the Court take judicial notice of the fact that in an order dismissing Rohan Thakkar's appeal in the case styled Good Gateway, LLC, et al. v. Rohan Thakkar, Index No. 160660/16, pending in the Supreme Court of the State of New York, County of New York, the court rejected Rohan Thakkar's affirmative defense that Chuck Thakkar was solvent when he transferred property. The Court will take judicial notice of the fact that the court entered an order but DENIES Plaintiff's request to take notice of statements bearing on Chuck Thakkar's solvency in Exhibit F. Grayson, 869 F.3d at 1224-25.

7. Exhibit G:

   Plaintiff requests the Court take judicial notice of the fact that in an affidavit filed in the case styled Good Gateway, LLC, et al. v. Rohan Thakkar, Index No. 160660/16, pending in the Supreme Court of the State of New York, County of New York, Chuck Thakkar stated that he had a "net worth to be no less than $142,000,000." Because Plaintiff is requesting the Court take judicial notice of a statement in an affidavit for its truth—that Chuck Thakkar was worth no less than $142,000,000 at the time of filing the affidavit, the Court DENIES Plaintiff's request for judicial notice as to Exhibit G. See O'Flahaven, 857 F. Supp. at 157.

8. Exhibit H:

   Plaintiff requests the Court take judicial notice of the fact that in an affidavit filed in the case styled Good Gateway, LLC, et al. v. Rohan Thakkar, Index No. 160660/16, pending in the Supreme Court of the State of New York, County of New York, Rohan Thakkar stated that Chuck Thakkar was solvent. Because Plaintiff is requesting the Court take judicial notice of a statement in an affidavit for its truth—that Chuck Thakkar was solvent, the Court DENIES Plaintiff's request for judicial notice as to Exhibit H. See O'Flahaven, 857 F. Supp. at 157.

10

9. Exhibit I:

   Plaintiff requests the Court take judicial notice that the New York court denied Rohan Thakkar's affirmative defense that Chuck Thakkar was solvent in an order denying Rohan Thakkar's motion to dismiss in the case styled Good Gateway, LLC, et al. v. Rohan Thakkar, Index No. 160660/16, pending in the Supreme Court of the State of New York, County of New York. Because Plaintiff is requesting the Court take judicial notice of the findings of another court for their truth, the Court DENIES Plaintiff's request for judicial notice as to Exhibit I. Grayson, 869 F.3d at 1224-25.

10. Exhibit J:

    Plaintiff requests the Court take judicial notice of statements made in a motion filed in the case styled Good Gateway, LLC, et al. v. Rohan Thakkar, Index No. 160660/16, pending in the Supreme Court of the State of New York, County of New York. Those statements are contained in the "determination" and relate to Chuck Thakkar's credibility. Plaintiff is requesting the Court take judicial notice of statements in a motion for their truth which statements were allegedly made as part of a court's findings from a prior hearing. The Court DENIES Plaintiff's request for judicial notice as to Exhibit J. Kaplan, 2019 WL 4668175, at *12; Grayson, 869 F.3d at 1224-25.

11. Exhibit K

    Plaintiff requests the Court take judicial notice of an appellate court denying Rohan Thakkar's motion for leave to appeal an appellate order affirming the Rohan Final Judgment in the case styled Gateway, LLC, et al. v. Rohan Thakkar, Index No. 160660/16, pending in the Supreme Court of the State of New York, County of New York. The Court will GRANT Plaintiff's request as to Exhibit K and take judicial notice that the court denied Rohan Thakkar's motion for leave to appeal.

12. Exhibits L & M:

    Plaintiff requests the Court take judicial notice of statements made in two affidavits filed in a case styled Good Gateway, LLC, et al. v. Rohan Thakkar, et. al., Index No. 152856/17, pending in the Supreme Court of the State of New York, County of New York. In one affidavit, Saloni Thakkar stated that she was not on a property deed with Chuck Thakkar. In the other, Chuck Thakkar stated that only he was on the property deed. Because Plaintiff is requesting the Court take judicial notice of these statements for their truth—that Chuck Thakkar was on the property deed and not Saloni Thakker, the

11

>   Court DENIES Plaintiff's request for judicial notice as to Exhibits L&M. See O'Flahaven, 857 F. Supp. at 157.

c. Plaintiff's second set of requests for judicial notice [Doc. no. 228]

   1. Exhibit A:

   Plaintiff requests the Court take judicial notice of statements a receiver made in an affidavit filed in the case styled Gateway, LLC, et al. v. Rohan Thakkar, Index No. 160660/16. The statements reflect that a receiver was appointed over property formally owned by Chuck Thakkar and now owned by Shops at New Hope, LLC. Because Plaintiff is requesting the Court take judicial notice of these statements for their truth, the Court DENIES Plaintiff's request for judicial notice as to Exhibit A. See O'Flahaven, 857 F. Supp. at 157.

   2. Exhibit B:

   Plaintiff, in its motion, requested the Court take judicial notice of statements in corporate documents supposably attached as Exhibit B. Plaintiff did not attach the corporate documents; Exhibit B is an email chain. Because the contents of the emails are not "generally known within the trial court's territorial jurisdiction" nor "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned[,]" Fed. R. Evid. 201, the Court DENIES Plaintiff's request for judicial notice as to Exhibit B. See Devine, 233 F. Supp. 3d at 1316-1317.

   3. Exhibit C:

   Plaintiff requests the Court take judicial notice of transfer documents reflecting a transfer of property by Chuck Thakkar to Shops at New Hope, LLC, and stating the members of Shops at New Hope, LLC are Chuck Thakkar, Saloni Thakkar, and Rohan Thakkar. Because Plaintiff is requesting the Court take judicial notice of these statements for their truth—that Chuck Thakkar is a member of Shops at New Hope, LLC, the Court DENIES Plaintiff's request for judicial notice as to Exhibit C. See Devine, 233 F. Supp. 3d at 1316-1317.

   4. Exhibit D:

   Plaintiff requests the Court take judicial notice of statements in John Moffa's emails stating he represents the Shops at New Hope, LLC which owns New York properties. Because Plaintiff is requesting the Court take judicial notice of these statements in John Moffa's emails for their truth and these statements are not "generally known within the trial court's territorial jurisdiction" nor

12

"can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned[,]" the Court DENIES Plaintiff's request for judicial notice as to Exhibit D. See Devine, 233 F. Supp. 3d at 1316-1317.

5. Exhibit E:

Plaintiff requests the Court take judicial notice of statements made in a motion filed by a receiver appointed in the case styled Gateway, LLC, et al. v. Rohan Thakkar, Index No. 160660/16 to prove that Chuck Thakkar transferred property to Shops at New Hope, LLC, and that he is a member of that company. Because Plaintiff is requesting the Court take judicial notice of statements made in a motion filed in a different court for their truth, the Court DENIES Plaintiff's request for judicial notice as to Exhibit E. See Kaplan, 2019 WL 4668175, at *12.

6. Exhibit F:

Plaintiff requests the Court take judicial notice of an order from the Eleventh Circuit Court of Appeals case no. 19-10607 where the Eleventh Circuit admonished John Moffa for conduct he took in relation to the JJ Rissell Trust. Because Plaintiff requests the Court take judicial notice of statements in the Eleventh Circuit order for their truth about John Moffa's conduct, the Court DENIES Plaintiff's request as to Exhibit F. See Grayson, 869 F.3d at 1224-25.

7. Exhibit G:

Plaintiff requests the Court take judicial notice of a clearer copy of the 2012 personal financial statement of Chuck Thakkar which was Ex. 139 at trial which Chuck Thakkar testified was unclear; and a 2010 personal financial statement. This request is DENIED. First, Exhibit 139 is a copy of a 2013 financial statement and is substantially different from the document Plaintiff now seeks to introduce. Second, the Court's copy of Exhibit 139 is clear. Third, this request is not a proper request for judicial notice because it is not about noticing an undisputed and publicly known fact. See Fed. R. Evid. 201. Instead, this is an attempt to bypass typical evidentiary safeguards and add new evidence to the record after the trial. See Ballard, 2014 WL 11970543, at *7. Fourth, the request is asking the Court to take judicial notice of the contents of the financial statements for their truth. See Devine, 233 F. Supp. 3d 1297, 1316-1317.

8. Exhibit H:

    Plaintiff requests the Court take judicial notice of statements in a Plan of Reorganization, case: 2:21-k-00989-FMD, filed in the Middle District of Florida bankruptcy court, to prove that Chuck Thakkar owns various assets. Because Plaintiff is requesting the Court take judicial notice of statements made in the Plan of Reorganization for their truth, the Court DENIES Plaintiff's request as to Exhibit H. Kaplan, 2019 WL 4668175, at *12.

9. Exhibit I:

    Plaintiff requests the Court take judicial notice of the Operating Report for September 2021 in Case: 2:21-k-00989-FMD signed by David Garretson as the "responsible party." Plaintiff is requesting the Court to take judicial notice of the contents of the Operating Report for their truth and the contents of the Operating Report are not "generally known within the trial court's territorial jurisdiction" nor "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned[,]". See Fed. R. Evid. 201. Moreover, nothing on the face of the document shows a relationship to Chuck Thakkar or this case. The Court DENIES Plaintiff's request as to Exhibit I. See Devine, 233 F. Supp. 3d at 1316-1317.

10. Exhibit J:

    Plaintiff requests the Court take judicial notice of the Articles of Organization for Miami Spice Investments, Inc. to prove that David Garretson is the president of Miami Spice Investments, Inc.. Because Plaintiff is requesting the Court take judicial notice of the contents of the Articles of Organization for their truth, the Court DENIES Plaintiff's request as to Exhibit J. See Devine, 233 F. Supp. 3d 1316-17.

III. Conclusion

The Eleventh Circuit has cautioned that judicial notice is a "highly limited" process because it circumvents the typical evidentiary safeguards that come with proving facts through competent evidence. The parties repeatedly missed deadlines to submit exhibits for trial and are now attempting, post-trial, to litigate a key issue from trial—whether Chuck Thakkar was solvent as of the trial date—through judicial notice without going through the proper evidentiary channels or allowing witnesses to be examined on the documents. This attempt to circumvent the

rules of evidence goes beyond the judicial notice provided for in Federal Rule of Evidence 201. The Court therefore denies all requests to take judicial notice except as set forth in this Order as to Document Number 227, Exhibits A, C, D, E, F, and K.

## **END OF ORDER**

**Distribution List**

John A. Thomson, Jr.
Adams and Reese LLP
3424 Peachtree Road NE, Suite 1600
Atlanta, GA 30326

Edmund S. Whitson, III
Adams and Reese LLP
101 E. Kennedy Blvd., Suite 4000
Tampa, FL 33602

Henry F. Sewell, Jr.
Law Offices of Henry F. Sewell Jr., LLC
Buckhead Centre
2964 Peachtree Road NW Suite 555
Atlanta, GA 30305

Clay Martin Townsend
Morgan & Morgan, PA
20 North Orange Avenue Suite 1500
Orlando, FL 32801

Walter E. Jones
Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W., Suite 700
Atlanta, Georgia 30308

John Lewis, Jr.
Shook, Hardy & Bacon, LLP
1230 Peachtree Street, Suite 1200
Atlanta, GA 30309