**IT IS ORDERED as set forth below:**

**Date: November 7, 2022**



_____
**Wendy L. Hagenau**
U.S. Bankruptcy Court Judge

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 15-58440-WLH |
| | : | |
| BAY CIRCLE PROPERTIES, LLC et al, | : | CHAPTER 7 |
| | : | |
| Debtors. | : | |
| | : | |
| GOOD GATEWAY, LLC and, SEG GATEWAY, LLC on behalf of JOHN LEWIS, CHAPTER 7 TRUSTEE FOR BAY CIRCLE PROPERTIES, LLC | : | |
| Plaintiffs. | : | |
| v. | : | Adversary Proceeding No. 19-05284 |
| NRCT, LLC, | : | |
| Respondent. | : | |

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND MR. THAKKAR'S MOTION TO INTERVENE**

**THIS MATTER** is before the Court on Plaintiff's Motion for Sanctions Pursuant to

1

Bankruptcy Rule 9011 and 28 U.S.C. §1927 against Chittranjan Thakkar ("Mr. Thakkar") (Doc. No. 265), which was amended on September 12, 2022 (Doc. No. 268) to drop a request for sanctions against counsel (the "Motion") and on Mr. Thakkar's Motion to Intervene (Doc. No. 285). The Motion was filed after the Court completed a multi-day trial and after the Court issued its Order After Trial (Doc. No. 258). The Motion seeks sanctions pursuant to Bankruptcy Rule 9011 and 28 U.S.C. § 1927 and complains about actions Mr. Thakkar took pro se before the trial in seeking to appear or intervene in the adversary proceeding, to notice depositions, and to participate in depositions. Specifically, Plaintiff contends Mr. Thakkar violated Bankruptcy Rule 9011 and 28 U.S.C. § 1927 by filing a Notice of Appearance (Doc. No. 106); Motion to Intervene (Doc. No. 125); Motion to Reconsider Order Denying Motion to Intervene (Doc. No. 145); Motion to Extend the Deposition Deadline (Docs. Nos. 114 & 115); deposition notices (Doc. No. 116), and by sending other deposition notices in the adversary proceeding and in litigation pending in Florida; and by interjecting during the depositions of Paul Dopp and Jessica Talley-Peterson, all of which it contends are frivolous and without merit. On September 26, 2022, Mr. Thakkar, pro se, filed a response to the Motion (Doc. No. 277), in which he raised several issues with the Motion, including that service was improper and did not trigger the 21-day safe harbor of Bankruptcy Rule 9011, that he was not a party or an attorney subject to sanctions under the provisions alleged, and that the Court had promptly denied the contested pleadings.

The Court reviewed the Motion and determined that it did not include a certificate that the Motion was properly served as provided in Bankruptcy Rule 7004 on the person from whom sanctions are sought. On September 22, 2022, the Court entered an Order Regarding Motion for Sanctions (Doc. No. 274) in which it directed Plaintiff to supplement the Motion with proof of proper service of the Motion. On October 14, 2022, Mr. Townsend filed a "Notice of Compliance

with Court Order" (Doc. No. 287) stating the Motion had been served on Mr. Thakkar by email and FedEx.

Mr. Thakkar then filed his own pro se Motion to Intervene to be authorized to file a motion for sanctions against Mr. Townsend because there was no legal basis for pursuing Mr. Thakkar for sanctions and Mr. Townsend's Motion had been filed for an improper purpose. (Doc. No. 285). On October 25, 2022, a day before the Court was scheduled to hear the Motion, Mr. Townsend filed over 700 pages of documents as "supplemental support" for the Motion, and he filed additional pages on the day of the scheduled hearing.

The Court held an in person hearing on the Motion on October 27, 2022, at which Mr. Townsend, Mr. Thakkar and his now counsel (Denise Dotson) were present. For the reasons stated on the record, the Court found it had jurisdiction to consider the Motion but nevertheless denied the relief requested, concluding the Motion was procedurally improper and was not properly served on Mr. Thakkar, the Court's prompt disposition of the contested pleadings negated any claim for Bankruptcy Rule 9011 sanctions, complaints regarding discovery are not sanctionable under Bankruptcy Rule 9011, and Mr. Thakkar was not a party or attorney subject to sanctions under Bankruptcy Rule 9011 or 28 U.S.C. § 1927. The Court also denied Mr. Thakkar's Motion to Intervene. The Court's analysis was set out at the hearing and is further explained here.

Jurisdiction

Mr. Thakkar objected to the Court's jurisdiction to hear the Motion because of the pending appeal of the Court's Order After Trial. The Court has jurisdiction to decide the Motion. The Eleventh Circuit and the Supreme Court have held that courts can consider Rule 11 motions while an appeal is pending. See Mahone v. Ray, 326 F.3d 1176, 1180–81 (11th Cir. 2003). Rule 11 motions raise issues that are collateral to the merits of an appeal, and as such may be filed even

3

after the court no longer has jurisdiction over the substance of the case. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395–96 (1990); Baker v. Alderman, 158 F.3d 516, 523 (11th Cir.1998); Hyde v. Irish, 962 F.3d 1306, 1309, 1310 (11th Cir. 2020).

Here, the Court's Order After Trial (Doc. No. 258) has been appealed. While a notice of appeal generally divests the trial court of jurisdiction over the case pending disposition of the appeal, the sanctions issue does not affect the questions presented on appeal regarding the merits of the judgment. Accordingly, the Court has jurisdiction to entertain the instant Motion.

Procedure for a Rule 9011 Motion

Mr. Thakkar objected that the procedure for recovering sanctions under Bankruptcy Rule 9011 was not followed. "The purpose of Rule 9011 is to deter litigation abuse and unnecessary filings." In re Addon Corp., 231 B.R. 385, 388 (N.D. Ga. 1999). The rule is meant "to dissuade litigants, those represented and unrepresented, from presenting matters to the court that are baseless or filed in bad faith." Artho v. Happy State Bank (In re Artho), 2018 WL 4631761, at *5 (Bankr. N.D. Tex. Sept. 24, 2018) (citing Law v. Siegel, 571 U.S. 415, 427 (2014)).

The procedures for filing a Bankruptcy Rule 9011 motion for sanctions are specific, in order to provide the respondent adequate notice of the motion and an opportunity to resolve the offending pleading before suffering sanctions. The first condition is that a request for sanctions by a party other than the Court must be instigated by filing a motion "made separately from other motions or requests," and "describing the specific conduct alleged to violate" Fed. R. Bankr. P. 9011(c)(1). Bankruptcy Rule 9011(c) requires that, prior to the filing of a motion for sanctions, 21 days' notice of the motion must be given to the respondent so the respondent has an opportunity to correct whatever mistakes have been made. Fed. R. Bankr. P. 9011(c)(1)(A). The courts refer to this 21-day period as the "safe harbor period". Thomas v. Office of the Tenn. AG (In re Thomas),

4

2020 WL 6874912, at *5 (B.A.P. 6th Cir. Nov. 23, 2020). The purpose of the safe harbor requirement is to ensure that the party against whom sanctions are sought has an opportunity to correct the problem. Generally, the motion for sanctions filed with the court must be the same as the one served. O'Boyle v. Sweetapple, 2016 WL 9559919 (S. D. Fla. Feb. 22, 2016) (filed motion not the same as one served because it relied on events occurring after service).

Here, the Motion is not procedurally proper because it is not substantively the same as the draft motion previously sent by FedEx to Mr. Thakkar. On February 11, 2022, counsel for Plaintiff emailed and sent via FedEx to Mr. Thakkar a letter requesting he voluntarily dismiss his Notice of Appearance and deposition notices within 21 days or Plaintiff would file the motion for sanctions. Included with the letter was a proposed motion for sanctions. The proposed motion was not the same Motion that was filed with the Court. The Motion that was filed with the Court on September 7, 2022 referenced additional actions that occurred <u>after</u> the original motion was sent to Mr. Thakkar. The Motion that was filed with the Court alleged Mr. Thakkar violated Bankruptcy Rule 9011 by asserting positions that were not well-grounded and frivolous in the following:

- Notice of Appearance (Doc. No. 106);
- Motion to Intervene (Doc. No. 125);
- Motion to Reconsider Order Denying Motion to Intervene (Doc. No. 145);
- Motion to Extend the Deposition Deadline (Docs. Nos. 114 & 115);
- Serving notices of depositions (Doc. No. 116), and sending other deposition notices in the adversary proceeding;
- Sending notices of depositions in litigation pending in Florida; and
- Interjecting during the depositions of Paul Dopp and Jessica Talley-Peterson.

All but the Notice of Appearance occurred after February 11, 2022, the date of the FedEx letter.

5

While Plaintiff previously served *a* Bankruptcy Rule 11 motion on Mr. Thakkar, he never served *the* motion that he submitted to the Court. A party seeking sanctions under Bankruptcy Rule 11 must file the same motion that it served to trigger the safe-harbor period; it may not serve one motion and then file a different one.

The Motion is also not proper because the Court addressed the complained of behavior within 21 days. As the Eleventh Circuit explained in Huggins v. Lueder, Larkin & Hunter, LLC, 39 F.4th 1342 (11th Cir. 2022), "if the court eliminates the opportunity to withdraw or correct the challenged filing by ruling on it before the safe harbor period expires. . . the sanctions motion cannot be filed." Id. at 1346.

Here, Mr. Thakkar filed a Notice of Appearance (Doc. No. 106) on February 7, 2022, which the Court struck on February 15, 2022 (Doc. No. 118). Mr. Thakkar filed two Motions for Extension of Deposition Deadline (Docs. Nos. 114 & 115) on February 14, 2022, which the Court promptly denied on February 15, 2022 (Doc. No. 117). Mr. Thakkar then filed a Motion to Intervene (Doc. No. 125), on February 24, 2022, which the Court denied on March 17, 2022 (Doc. No. 131). On April 4, 2022, Mr. Thakkar filed a Motion for Reconsideration (Doc. No. 145), and, 16 days later, the Court denied the Motion for Reconsideration on April 19, 2022 (Doc. No. 158). In each instance, the Court promptly addressed Mr. Thakkar's filings before the safe harbor period expired. Accordingly, the sanctions motion was improper.

Service

The Motion is also procedurally improper because it was not properly served on Mr. Thakkar. While 28 U.S.C. § 1927 does not include specific requirements for service, Bankruptcy Rule 9011 has specific service rules, compliance with which "is a mandatory prerequisite to an award of sanctions." The Cadle Co. v. Pratt (In re Pratt), 524 F.3d 580, 586 (5th Cir. 2008).

6

Bankruptcy Rule 9011 requires that a motion for sanctions be served in accordance with Bankruptcy Rule 7004 at least 21 days before it is filed with or presented to the court. Fed. R. Civ. P. 9011(c)(1)(A); In re Lane, 604 B.R. 23, 30 (B.A.P. 6th Cir. 2019).

Bankruptcy Rule 7004 provides for service upon an individual "by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession." Fed. R. Bankr. P. 7004(b). Bankruptcy Rule 7004(b) does not permit electronic or CM/ECF service. See Thomas, 2020 WL 6874912, at *5. Bankruptcy Rule 7004(b)(7) additionally permits service by mail to the entity upon whom service may be effected under any U.S. statute or the law of the state in which service is made when an action is brought against an individual in the court of general jurisdiction of that state. Service by overnight mail, such as FedEx, is permitted only if actually delivered to the individual with confirmed proof of service. See .e.g., Enter. Bank & Tr. v. May, 2020 WL 7056011, at *3 (E.D. Mo. Dec. 2, 2020); Kleiman v. Wright, No. 18-CV-80176, 2020 WL 5632654, at *23 (S.D. Fla. Sept. 21, 2020).

The Court reviewed the Motion when it was filed and determined that it did not include a certificate that the Motion was properly served as provided in Bankruptcy Rule 7004 on the person from whom sanctions are sought. The Court entered an Order Regarding Motion for Sanctions (Doc. No. 274) directing Plaintiff to supplement the Motion with proof of proper service of the Motion. Mr. Thakkar also raised several issues, including that service was improper, in his response to the Motion (Doc. No. 277). Mr. Townsend filed a "Notice of Compliance with Court Order" (Doc. No. 287) stating the Motion had been served on Mr. Thakkar by email and FedEx. He did not, however, provide confirmed proof of service of receipt via FedEx.

Mr. Townsend argues Mr. Thakkar waived Bankruptcy Rule 7004 service and agreed to be

served by electronic means when he filed a Notice of Appearance, and otherwise communicated via email. No waiver of service has been established.

A waiver of insufficient service can occur either expressly or by implication by filing a response or participating in the mater without raising the insufficiency of service defense. In re Lefler, 319 B.R. 538 (Bankr. E.D. Tenn. 2004). Here, Mr. Thakkar raised the service issue in his first response, so he did not waive it. Moreover, communication via email, whether as to the acts complained of or otherwise, has no effect on the right to receive proper service. See Thomas, 2020 WL 6874912, at *5; see also In re Gordon, 2017 WL 746195, at *7 (Bankr. D. Mass. Feb. 24, 2017). Further, actual knowledge of the matter is not waiver of the right to proper service. In re Reaves, 396 B.R. 708, 715 (Bankr. W.D. Tenn. 2008); In re Menges, 337 B.R. 191, 194 (Bankr. N.D. Ill. 2006). Additionally, the Notice of Appearance does not waive Bankruptcy Rule 7004 service but, in any event, it is a nullity because the Court struck it on February 15, 2022 (Doc. No. 118). Finally, electronic service through the Court's CM/ECF system is not sufficient for purposes of Bankruptcy Rule 7004. The terms of the Electronic Case Filing Procedures and the provisions applicable to Registered Users of the Bankruptcy Court's Electronic Case Filing Program allow for electronic service in certain circumstances. A Registered User is "a person who is registered to participate in the Bankruptcy Court's Electronic Case Filing program and has been issued a password." BLR 9001-1(m). Pursuant to Bankruptcy Rules 5005 and 9036, BLR 5005-8, and General Order No. 25-2018, Registered Users agree to receive notice and service of pleadings and documents by electronic means through the Notice of Electronic Filing ("NEF") for notices of pleadings and documents from both the Bankruptcy Court and from other Registered Users and to waive other service. NEF Service applies only to Registered Users who have appeared in that case or adversary proceeding; it does not apply to a debtor and other non-Registered Users or to

Registered Users who have not appeared in that case or adversary proceeding. General Order No. 25-2018. The Court's records reflect Mr. Thakkar is not a Registered User in either the adversary proceeding or the related bankruptcy case. See General Order No. 25-2018; Mailing Information for Case 19-05284-wlh; Mailing Information for Case 15-58440-wlh. Further, NEF Service does not apply to pleadings and other documents required to be served in accordance with Bankruptcy Rule 7004: "[t]he named . . . respondent in a contested matter under Bankruptcy Rule 9014 must still receive service in accordance with Bankruptcy Rule 7004." Court's General Order No. 25-2018. Mr. Thakkar, as the named respondent in a contested matter, had to be served in accordance with Bankruptcy Rule 7004, which places an affirmative duty upon a moving party to serve the document upon the affected party in the manner so required. Though the Court and Mr. Thakkar both flagged the issue, Mr. Townsend failed to demonstrate service of the Motion in accordance with Bankruptcy Rule 7004. Accordingly, service of the Motion was deficient.

Plaintiff argues only substantial compliance with Bankruptcy Rule 9011 is required, but he takes that argument too far. Courts have occasionally considered the merits of a Bankruptcy Rule Rule 9011 motion that substantially satisfied aspects of Bankruptcy Rule 9011, but such cases are careful if all technical aspects of the rule are not followed. Pratt, 524 F.3d at 586. For example, where the motion filed rests on substantially the same grounds as those set forth in the one previously served, some courts have found Bankruptcy Rule 9011 satisfied so long as new and additional allegations are not included in the filed motion. Int'l Christian Broad., Inc. v. Koper (In re Koper), 2020 WL 5075549, at *7 (Bankr. E.D.N.Y. Aug. 25, 2020) Similarly, in In re Evergreen Sec., Ltd., 381 B.R. 407 (Bankr. M.D. Fla. 2007), a sanctions motion was filed on a federal holiday, one day prior to the expiration of the safe harbor period. The court determined the motion substantially complied with the Bankruptcy Rule 9011 safe harbor provision and, accordingly, it

9

would be heard on the merits. Id. at 414; see also Nisenbaum v. Milwaukee County, 333 F.3d 804, 808 (7th Cir. 2003). However, none of the cases located by the Court ignored the requirement of service pursuant to Bankruptcy Rule 7004 unless a waiver of service that would otherwise satisfy Bankruptcy Rule 7004 was established. To the contrary, courts have held strict compliance with the service requirement is a mandatory prerequisite to an award of sanctions under Bankruptcy Rule 9011. Pratt, 524 F.3d at 586; see e.g., In re Obasi, 2011 WL 6336153, at *9 (Bankr. S.D.N.Y. Dec. 19, 2011). Compliance with the service requirement is mandatory and, in this case, the motion was not properly served on Mr. Thakkar before it was filed; accordingly, the Motion must be denied.

Subject of Motion Not Proper

The Motion complains about Mr. Thakkar's participation in discovery matters, which is not the proper subject of a Bankruptcy Rule 9011 motion. By its terms, Bankruptcy Rule 9011 does not "apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 7026 through 7037." Fed. R. Bank. P. 9011(d); In re Fierro, 615 B.R. 403, 414 (Bankr. E.D.N.Y. 2020); see also Baffa v. Donaldson, 222 F.3d 52, 57–58 (2d Cir. 2000). Discovery issues—including depositions and notices of the same—are the subject of Fed. R. Civ. P. 26 through 37, not Bankruptcy Rule 9011. Accordingly, it is inappropriate to analyze the complained of discovery requests under Bankruptcy Rule 9011. The Court notes it heard three discovery motions filed by the Plaintiff involving Mr. Thakkar and others (Docs. Nos. 83, 111, & 129), but the issues raised in the Motion were not raised in the discovery motions.

Further, Plaintiff contends that Mr. Thakkar should be sanctioned for filing deposition notices in litigation pending in Florida regarding an entity not a party to this adversary proceeding. Under Bankruptcy Rule 9011, the Court cannot sanction conduct that occurred in other state and

10

federal courts. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 406 (1990); see e.g., Worldwide Primates, Inc. v. McGreal, 26 F.3d 1089, 1091 (11th Cir. 1994) (complaint, which was filed in state court, cannot be the basis of a Rule 11 violation). Bankruptcy Rule 9011 sanctions must be based on a pleading, motion, or other paper signed and filed in federal court, and "[a] motion for sanctions should be made to the . . . court in which the alleged violation occurred[.]" § 1337.1 Procedural Aspects of Rule 11 Motions—Initiation and Timing of Sanction Proceedings, 5A Fed. Prac. & Proc. Civ. § 1337.1 (4th ed.); see also Dahnke v. Teamsters Loc. 695, 906 F.2d 1192, 1199 (7th Cir. 1990). "The Rule does not license a [ . . . ] court to sanction any action by an attorney or party that it disapproves of, McMahon v. Shearson/Am. Exp., Inc., 896 F.2d 17, 22 (2d Cir. 1990), and it "is not a panacea intended to remedy all manner of [ . . . ] misconduct." Zaldivar v. City of Los Angeles, 780 F.2d 823, 829 (9th Cir. 1986). The Court's authority to award costs, expenses, and attorney's fees under 28 U.S.C. § 1927 is likewise limited to the proceedings in the case before it and does not extend to conduct in other cases. See Morris by Rector v. Peterson, 871 F.2d 948, 951 (10th Cir. 1989). Accordingly, the Court cannot sanction any of the conduct of which Plaintiff complains that occurred in Florida state and federal courts.

Mr. Thakkar is Not a Party and Cannot Be Sanctioned Under Bankruptcy Rule 9011

The Motion is improper because Mr. Thakkar is not a party to this adversary proceeding and cannot be sanctioned under Bankruptcy Rule 9011. Bankruptcy Rule 9011 clearly states it only applies to a party or an attorney. Fed. R. Bankr. P. 9011(c) ("the court may . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." (emphasis added)). Mr. Thakkar was not a party to this case. He asked to intervene, but the Court denied the request. He was at most a manager and minority owner of the Defendant. Case law is consistent that nonparties are not subject to sanctions under

11

Bankruptcy Rule 9011. See Isaacson v. Manty, 721 F.3d 533, 538 (8th Cir. 2013) (plain language of Bankruptcy Rule 9011 excludes authority to sanction officer of a corporate party). Accordingly, the Court cannot sanction Mr. Thakkar under Bankruptcy Rule 9011.

### Mr. Thakkar as a Non-Party Cannot be Sanctioned Under 28 U.S.C. § 1927

Plaintiff argues that Mr. Thakkar may be sanctioned under 28 U.S.C. § 1927 because the rule permits the court to assess sanctions against non-attorney litigants.

28 U.S.C. § 1927, entitled "Counsel's liability for excessive costs," provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Courts are split on whether a court may sanction a non-attorney under this rule. Some courts have assessed sanctions against *pro se* parties. See Wages v. I.R.S., 915 F.2d 1230, 1236-37 (9th Cir. 1990) (28 U.S.C. § 1927 is applicable to *pro se* plaintiffs); In re Micron Devices, Inc., 638 B.R. 649, 655 (Bankr. S.D. Fla. 2021). Other courts, however, have held the plain language of the rule limits sanctions to "[a]ny attorney or other person admitted to conduct cases" in a federal court." 28 U.S.C. § 1927 (emphasis added); see Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521 (5th Cir. 1996); Sassower v. Field, 973 F.2d 75 (2d Cir. 1992); Ctr. for Individual Rts. v. Chevaldina, 2018 WL 2432109, at *16 (S.D. Fla. May 30, 2018) ("we are skeptical that sanctions under § 1927 can be imposed to *pro se* litigants because the statute—by its plain language—only applies to "'[a]ny attorney or other person admitted to conduct cases in any court of the United States.'").

The Eleventh Circuit has not explicitly addressed the issue of whether attorney's fees may be awarded under 28 U.S.C. § 1927 against non-attorneys, but here the question is not whether it

12

applies to *pro se* parties, but whether it applies to *pro se* non-parties. The text of the statute is clear that it applies to a "person admitted to conduct cases[.]" A non-party, by definition, is not conducting a case and is not "admitted" to any court for that purpose. The Court has located no cases awarding sanctions under 28 U.S.C. § 1927 against a non-party. See e.g., Smartt v. First Union Nat'l Bank, 245 F. Supp. 2d 1229, 1235 (M.D. Fla. 2003) (sanctions may be levied against *pro se* plaintiff); In re Wizenberg, 602 B.R. 372, 388 (Bankr. S.D. Fla. 2019), adopted sub nom. Wizenberg v. Wizenberg, 612 B.R. 454 (S.D. Fla. 2020), aff'd sub nom. In re Wizenberg, 838 F. App'x 406 (11th Cir. 2020) (awarding fees against *pro se* defendant who had previously practiced law); Micron Devices, Inc., 638 B.R. 649 (sanctioning party in interest under 11 U.S.C. § 1109(b)—former principal of Subchapter V debtor—in bankruptcy case).

Mr. Thakkar is not an attorney and he is not a party to the proceeding. He is not a "party in interest" in a Chapter 11 case because this is an adversary proceeding in a Chapter 7 case. See In re Am. Motor Club, Inc., 149 B.R. 317, 321 (Bankr. E.D.N.Y. 1993) (parties in interest pursuant to section 1109 in bankruptcy case denied leave to appear in adversary proceeding). Plaintiff contends Mr. Thakkar has registered to electronically file documents and has, in essence, been granted approval to act in a lawyer-like capacity in this Adversary Proceeding, but that is not the case.

Case information, including the docket sheet and the filed documents, is available for viewing and downloading to attorneys and the public at any time from locations other than the courthouse, via the Internet through the Public Access to Court Electronic Records (PACER) system. United States Bankruptcy Court for the Northern District of Georgia, *CM/ECF Information*, https://www.ganb.uscourts.gov/cmecf-information (last accessed Nov. 2, 2022). A PACER user may register and create an account to view and print electronic dockets and

documents. The same PACER account may also be used to electronically file documents after approval. Bankruptcy Rule 5005(a)(2) provides, however, that "[a]n individual not represented by an attorney may file electronically only if allowed by court order or by local rule[.]"

Mr. Thakkar, like any member of the public, may have a PACER account with which he can view and print documents. He has not, however, been authorized to file electronically in this adversary proceeding or related bankruptcy case by Court order or applicable local rule. Further, Mr. Thakkar is not a Registered User in either the adversary proceeding or the related bankruptcy case. Accordingly, the Court concludes Mr. Thakkar has not been given any lawyer-like credentials or admitted in a lawyerlike capacity in this case, and the Court determines 28 U.S.C. § 1927 is not applicable to Mr. Thakkar in this adversary proceeding.

<u>Intervention</u>

Having determined that the Motion is procedurally and substantively improper, the Court will turn to address Mr. Thakkar's Motion to Intervene (Doc. No. 285). Generally, a non-party does not have standing to move for sanctions. <u>New York News, Inc. v. Kheel</u>, 972 F.2d 482, 486 (2d Cir. 1992); 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 55.70 (3d ed. 2011); <u>see also</u> <u>Pinpoint IT Servs., L.L.C. v. Atlas IT Exp. Corp.</u>, 802 F. Supp. 2d 691, 694 (E.D. Va. 2011). In limited circumstances, however, courts have recognized that non-parties may have standing to seek sanctions. One court succinctly summarized this framework as follows: "Those non-parties who are brought in or are attempted to be brought into litigation involuntarily by one process or another have standing. Other nonparties do not." <u>Drake v. U.S. Freedom Cap., LLC</u>, 2021 WL 3566859, at *8 (N.D. Ga. Aug. 12, 2021) (citing <u>Hochen v. Bobst Grp., Inc.</u>, 198 F.R.D. 11, 15 (D. Mass. 2000)). For example, in <u>Westmoreland v. CBS, Inc.</u>, 770 F.2d 1168 (D.C.Cir.1985), a non-party witness was permitted to bring a Rule 11 motion stemming from defense counsel's

commencement of contempt proceedings against him. See also Drake, 2021 WL 3566859, at *8 (named but unserved defendant had standing to seek sanctions).

Under certain circumstances, a nonparty may intervene in a legal action pursuant to Rule 24 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Bankruptcy Rule 7024. Rule 24 sets forth two mechanisms for an individual to intervene in a case: intervention as of right and permissive intervention. An individual is entitled to intervene as of right where he is given an unconditional right to intervene by a federal statute or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Alternatively, the Court may use its discretion to allow an individual to intervene if the individual is provided a conditional right to intervene by a federal statute or the individual "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Both intervention of right and permissive intervention require a "timely motion." Fed. R. Civ. P. 24(a), (b).

Mr. Thakkar moves to intervene on both grounds to file his own Bankruptcy Rule 9011 motion against Plaintiff's counsel, Mr. Townsend, contending the Motion was baseless and filed for an improper purpose under Bankruptcy Rule 9011. Mr. Thakkar previously sought to intervene in the adversary proceeding to participate in the proceeding and the trial on the complaint, which the Court denied. Mr. Thakkar now seeks to intervene in response to a specific motion directed at him personally. Intervention of right is not warranted here, as courts have held that "Rule 11 sanctions are an inappropriate interest in support of intervention as of right." Kheel, 972 F.2d at 486.

A non-party who has been targeted with a contested pleading may have a basis for permissive intervention to seek sanctions. See id. at 487. But the court has the discretion to deny intervention. Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989); see also Rauback v. City of Savannah, 2019 WL 1560964, *4 (S.D. Ga. Jan. 4, 2019), report and recommendation adopted, 2019 WL 460391 (S.D. Ga. Feb. 5, 2019) (in the absence of a right to intervene under Rule 24(a), it is wholly within the discretion of the court to allow intervention). While Mr. Thakkar timely filed his request to intervene and his claim is in response and relates to the Motion filed against him personally, the Court declines to exercise its discretion to allow permissive intervention here. Mr. Thakkar and Mr. Townsend have been in direct and derivative litigation against each other for years. Allowing Mr. Thakkar to pursue sanctions directly against Mr. Townsend will only increase the rancor and litigation between the parties without accomplishing the goal of sanctions—to limit abusive litigation. Instead, the Court has entered its own order directing Mr. Townsend to show cause as to why he should not be sanctioned under Bankruptcy Rule 9011 and/or 28 U.S.C. § 1927 and other applicable law for filing the Motion (see Doc. No. 301).

Conclusion

Accordingly, for the reasons stated on the record at the hearing on October 27, 2022 and above,

**IT IS ORDERED** that the Motion, as amended, is **DENIED**.

**IT IS FURTHER ORDERED** that Mr. Thakkar's Motion to Intervene (Doc. No. 285) is **DENIED**.

**END OF DOCUMENT**

**DISTRIBUTION**

Clay Townsend
Morgan & Morgan, PA
20 North Orange Avenue
Suite 1600
Orlando, FL 32801

Walter E. Jones
Balch & Bingham, LLP
Suite 700
30 Ivan Allen Jr. Blvd, NW
Atlanta, GA 30308

Henry F. Sewell, Jr.
Law Offices of Henry F. Sewell, Jr., LLC
Suite 555
2964 Peachtree Road, NW
Atlanta, GA 30305

Edmund S. Whitson, III
Adams and Reese LLP
100 N. Tampa Street
Suite 4000
Tampa, FL 33602

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Denise Dotson
Waggoner Hastings LLC
3650 Mansell Road
Suite 475
Alpharetta, GA 30002

John Lewis, Jr.
John Lewis, Chapter 7 Trustee
Shook, Hardy & Bacon, LLP
1230 Peachtree Street, Suite 1200
Atlanta, GA 30309

Chittranjan Thakkar
3985 Steve Reynolds Boulevard
Building L-101
Norcross, GA 30093