**IT IS ORDERED as set forth below:**



**Date: November 17, 2022**

_Wendy L. Hagenau_
_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 15-58440-WLH |
| | : | |
| BAY CIRCLE PROPERTIES, LLC et al, | : | CHAPTER  7 |
| | : | |
| | : | |
| Debtors. | : | |
| | : | |

| | | |
|---|---|---|
| GOOD GATEWAY, LLC and, SEG GATEWAY, LLC on behalf of JOHN LEWIS, CHAPTER 7 TRUSTEE FOR BAY CIRCLE PROPERTIES, LLC | : : : : | |
| | : | |
| Plaintiffs. | : | |
| | : | |
| v. | : | Adversary Proceeding No. 19-05284 |
| | : | |
| NRCT, LLC, | : | |
| | : | |
| Respondent. | : | |

**ORDER ON ORDER TO SHOW CAUSE**

**THIS MATTER** is before the Court on the Order to Show Cause (Doc. No. 301) (the

"Show Cause Order") directing Clay Townsend ("Mr. Townsend") to appear before the Court to

1

show cause as to why his actions in filing and pursuing the Motion for Sanctions (as amended) against Chittranjan Thakkar ("Mr. Thakkar") did not violate Bankruptcy Rule 9011, 28 U.S.C. § 1927, and 11 U.S.C. § 105, and why sanctions should not be imposed thereunder or pursuant to the Court's inherent authority.

On September 7, 2022, Mr. Townsend, on behalf of the Plaintiff, filed a Motion for Sanctions Pursuant to Bankruptcy Rule 9011 and 28 U.S.C. § 1927 against Mr. Thakkar (Doc. No. 265). The Motion for Sanctions was filed after the Court completed a multi-day trial and after the Court issued its Order After Trial (Doc. No. 258). The Court reviewed the Motion for Sanctions and determined that it did not include a certificate that the Motion was properly served as provided in Bankruptcy Rule 7004 on the person from whom sanctions are sought. On September 22, 2022, the Court entered an Order Regarding Motion for Sanctions (Doc. No. 274) in which it directed Plaintiff to supplement the Motion for Sanctions with proof of proper service. On September 26, 2022, Mr. Thakkar filed a response to the Motion for Sanctions (Doc. No. 277), in which he raised several issues with the Motion for Sanctions, including improper service. On October 14, 2022, Mr. Townsend filed a "Notice of Compliance with Court Order" (Doc. No. 287) stating the Motion for Sanctions had been served on Mr. Thakkar by email and FedEx.

The Court held an in person hearing on the Motion for Sanctions on October 27, 2022 at which Mr. Townsend, Mr. Thakkar and his counsel (Denise Dotson) were present. The Court found it had jurisdiction to consider the Motion for Sanctions but nevertheless denied the relief requested, concluding the Motion for Sanctions was procedurally improper and was not properly served on Mr. Thakkar, the Court's prompt disposition of the contested pleadings negated any claim for Bankruptcy Rule 9011 sanctions, complaints regarding discovery are not sanctionable under Bankruptcy Rule 9011, and Mr. Thakkar was not a party or attorney subject to sanctions

under Bankruptcy Rule 9011 or 28 U.S.C. § 1927.

On November 1, 2022, the Court entered the Show Cause Order directing Mr. Townsend to appear before the Court on November 16, 2022 to show cause to determine whether Mr. Townsend's actions in filing and pursing the Motion for Sanctions against Mr. Thakkar violated Bankruptcy Rule 9011 and/or 28 U.S.C. § 1927 and whether sanctions are appropriate pursuant thereto or to 11 U.S.C. § 105 and/or the Court's inherent authority. On November 16, 2022, Mr. Townsend, John Lewis, Jr., Walter Jones, Mr. Thakkar, and Ms. Dotson appeared before the Court. As explained at the hearing, the Court finds that sanctions are not warranted under the Court's inherent authority, section 105(a), and 28 U.S.C. § 1927.

To impose sanctions under its inherent authority, the Court must find either bad faith, conduct tantamount to bad faith, or recklessness "with an additional factor such as frivolousness, harassment, or an improper purpose." Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001). As explained at the November 16, 2022 hearing, the Court does not find the Motion for Sanctions was filed for an improper purpose. Nor does the Court find Mr. Townsend engaged in conduct tantamount to bad faith. Accordingly, sanctions under the Court's inherent authority are not warranted.

Bankruptcy courts also have the power to sanction under their statutory civil contempt authority. Section 105(a) of the Bankruptcy Code gives a bankruptcy court authority to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Code. See Law v. Siegel, 571 U.S. 415, 420-21 (2014). The Court does not find that Mr. Townsend violated any Court order, so it will not award sanctions pursuant to section 105(a).

Pursuant to 28 U.S.C. § 1927, sanctions may be imposed against an attorney who engages in unreasonable and vexatious conduct that "so multiplies the proceedings in any case". 28 U.S.C.

3

§ 1927. An award of attorney's fees under 28 U.S.C. § 1927 must be based on more egregious behavior than a sanctions award under Bankruptcy Rule 11. See O'Rourke v. City of Norman, 640 F. Supp. 1451, 1470 (W.D. Okla. 1986). The Court does not find that Mr. Townsend engaged in unreasonable and vexatious conduct and, accordingly, sanctions under 28 U.S.C. § 1927 are not appropriate.

Nevertheless, the Court finds Mr. Townsend violated Bankruptcy Rule 9011. Bankruptcy Rule 9011(b) requires an attorney to certify that a written motion is not being presented for any improper purpose and the legal contentions therein are warranted. Fed. R. Bankr. P. 9011(b). The rule requires counsel to conduct a reasonable investigation of the facts and a competent search of the law *before* signing and filing any papers with the court. Lieb v. Topstone Industries, Inc., 788 F.2d 151, 157 (3rd Cir.1986). In each case, the attorney or unrepresented party must have conducted an objectively reasonable investigation. See In re Cushman, 589 B.R. 469, 493 (Bankr. D. Me. 2018). To determine whether a pleading is factually or legally frivolous, a court "must first determine whether the party's claim is objectively frivolous" and, second, "whether the person signing the document should have been aware that it was frivolous." In re Mroz, 65 F.3d 1567, 1573 (11th Cir. 1995). In other words, the Court must ask whether a reasonable inquiry would have made the signer aware that the claim was frivolous. Id. A pleading is legally frivolous where it is "clear under existing precedents that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." Mareno v. Rowe, 910 F.2d 1043, 1047 (2d. Cir 1990).

Here, the plain language of Bankruptcy Rule 9011 indicates the Motion for Sanctions was procedurally improper for several reasons. First, Bankruptcy Rule 9011 only applies to attorneys or unrepresented parties; it does not apply to non-parties like Mr. Thakkar. Fed. R. Bankr. P.

4

9011(b) ("By presenting to the court . . . *an attorney or unrepresented party* is certifying . . .") (emphasis added). Second, Bankruptcy Rule 9011 only applies to petitions, pleadings, written motions, or other papers presented to the Court; it does not apply to other conduct such as that complained of in the Motion for Sanctions. Id. ("By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper . . ."). Third, a Bankruptcy Rule 9011 motion must be served pursuant to Bankruptcy Rule 7004. Id. at 9011(c)(1)(A) ("It shall be served as provided in Rule 7004."). Case law makes clear that neither electronic service nor service by FedEx suffices. See e.g., Thomas v. Office of the Tenn. AG (In re Thomas), 2020 WL 6874912, at *5 (B.A.P. 6th Cir. Nov. 23, 2020). Despite the plain language of Bankruptcy Rule 9011 and case law foreclosing the relief sought against Mr. Thakkar, Mr. Townsend nevertheless filed and pursued the Motion for Sanctions.

Accordingly, for the reasons stated above and on the record at the hearing on November 16, 2022, which the Court reserves the right to supplement,

**IT IS ORDERED** that Mr. Townsend violated Bankruptcy Rule 9011 by filing the Motion for Sanctions.

**IT IS FURTHER ORDERED** that Mr. Townsend is directed to pay $3,000 ($2,100 in attorney's fees to Ms. Dotson and $900 in travel costs for Mr. Thakkar) delivered to Ms. Dotson as a sanction.

**END OF ORDER**

## DISTRIBUTION

Clay Townsend
Morgan & Morgan, PA
20 North Orange Avenue
Suite 1600
Orlando, FL 32801

Walter E. Jones
Balch & Bingham, LLP
Suite 700
30 Ivan Allen Jr. Blvd, NW
Atlanta, GA 30308

Henry F. Sewell, Jr.
Law Offices of Henry F. Sewell, Jr., LLC
Suite 555
2964 Peachtree Road, NW
Atlanta, GA 30305

Edmund S. Whitson, III
Adams and Reese LLP
100 N. Tampa Street
Suite 4000
Tampa, FL 33602

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Denise Dotson
Waggoner Hastings LLC
3650 Mansell Road
Suite 475
Alpharetta, GA 30002

John Lewis, Jr.
John Lewis, Chapter 7 Trustee
Shook, Hardy & Bacon, LLP
1230 Peachtree Street, Suite 1200
Atlanta, GA 30309

Chittranjan Thakkar
3985 Steve Reynolds Boulevard
Building L-101
Norcross, GA 30093

6